GEORGE T. COULTER *v.* MRS. C. H. MORRISON, FORMERLY KNOWN AS FRANCES THOMPSON, DEFENDANT, THE VON HAMM-YOUNG COMPANY, LIMITED, AN HAWAIIAN CORPORATION, GARNISHEE.

No. 1769.

ARGUED OCTOBER 5, 1927.   DECIDED OCTOBER 15, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is an action at law brought in the district court of Honolulu for $179.68 upon a judgment theretofore recovered in the same court. The present action was commenced on March 22, 1927, and on the same day service of summons was had on The von Hamm-Young Company, Limited, as garnishee. The defendant defaulted and judgment was entered against her for the full amount claimed. The garnishee was discharged. The plaintiff appeals on points of law and seeks a review of the order discharging the garnishee.

The written disclosure filed by the garnishee shows that on December 9, 1926, the defendant owed The von Hamm-Young Company, Limited, $92.80, and that, being so indebted, it was agreed between her and the company that the company would sell an automobile in which she

had an interest and would pay to her any balance of the proceeds remaining after deducting the amount of her debt of $92.80, the cost of repairs to the automobile and the expenses of sale. Thereafter the defendant signed and delivered to the company a written order reading as follows: "Please pay to William L. Rosa, clerk of the United States District Court, any and all moneys which may be due me on the sale of my Buick 1923, model 45 touring car". At the time of the delivery of this writing the automobile had not been sold and the company had no funds of the defendant in its hands. On March 17, 1927, the automobile was sold and it was found that of the proceeds, after making the authorized deductions, there was a balance of $81 due to the defendant by the company. On March 22, 1927, as above stated, this action was commenced and service made on the garnishee. At the time of such service the company had in its hands, in the words of its disclosure, "the sum of $81 belonging to the defendant" and it "still holds said sum subject to the order of the court". No one appeared in the district court to oppose the granting of a judgment in favor of the plaintiff and against the garnishee and no one has appeared in this court for that purpose.

It does not appear from the garnishee's disclosure, or otherwise from the record, that any consideration was paid by anyone for the order above quoted or that The von Hamm-Young Company, Limited, at any time accepted the order. The obvious inference is that there was no consideration and no acceptance. The writing in question was not an assignment. It was a mere order authorizing the company to pay any moneys due the defendant to Mr. Rosa. This order was revocable by the defendant at any time at her will. Under these circumstances, at the time of the service of the summons on the garnishee, the $81 remaining in its hands was still the property of the defendant.

The judgment appealed from is set aside and the cause is remanded to the district magistrate with instructions to enter judgment for the plaintiff against the garnishee in the sum of $81.

*J. G. Anthony* (*Smith, Wild & Hoppe* with him on the brief) for plaintiff.

No appearance of or for the defendant or the garnishee.